IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02229-CMA-STV

ALEC HICKERSON, and
ADINAM MOTEN, on behalf of themselves and all similarly situated persons,

    Plaintiffs,

v.

POOL CORPORATION,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR LIMITED RECONSIDERATION AND
CERTIFYING INTERLOCUTORY ORDER FOR APPEAL**

This matter is before the Court on Plaintiffs' Motion for Limited Reconsideration of the Court's Order Regarding Arbitration. (Doc. # 52.) Defendant Pool Corporation ("Defendant" or "Pool") opposes the Motion. (Doc. # 55.) For the following reasons, the Court denies the Motion to the extent it seeks reconsideration of the Court's previous Order but grants the Motion to the extent it seeks certification of the Order for interlocutory appeal.

**I.    BACKGROUND**

In its Motions to Compel Arbitration, Pool requested that this Court dismiss this case or, alternatively, stay the case pending arbitration. On August 25, 2020, this Court issued its Order Rejecting Recommendation of Magistrate Judge and Granting

Defendant's Motions to Compel Arbitration ("Order Compelling Arbitration"). (Doc. # 47.) Therein, the Court stayed this case pending arbitration rather than dismissing the case outright. Plaintiffs filed the instant Motion on October 23, 2020, wherein they move the Court to amend its Order to dismiss this case, thereby allowing them to appeal the Order Compelling Arbitration. In the alternative, Plaintiffs move the Court to certify the Order for interlocutory appeal. Although Defendant previously sought dismissal of this case, and a stay in the alternative, Defendant now opposes dismissal and interlocutory appeal and urges the Court to maintain the current stay pending arbitration.

## II.     ANALYSIS

### A.     REQUEST FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Tenth Circuit recognizes three basic grounds upon which a motion for reconsideration may be granted: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate to correct clear error or prevent manifest injustice "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Under Section 3 of the Federal Arbitration Act ("FAA"), upon determining that an issue is referable to arbitration, a court "**shall** on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3 (emphasis added). The Tenth Circuit "has intimated that a district court may dismiss [a case subject to arbitration] when all claims are arbitrable and the movant specifically requests dismissal rather than a stay." *Am. Family Mut. Ins. Co. v. Tamko Bldg. Prod., Inc.*, 178 F. Supp. 3d 1121, 1129 (D. Colo. 2016) (citing *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 797 (10th Cir. 1995)).

In this case, Plaintiffs have not provided any authority to establish that once a court has stayed a case pending arbitration, and one of the parties wants the stay to stand, the court is nevertheless authorized to lift the stay and dismiss the case. To the contrary, Defendant's opposition to Plaintiffs' Motion could be considered evidence of a request for a stay that triggers Section 3's nondiscretionary stay provision. *Cf. Armijo*, 72 F.3d at 797 ("We find no evidence in the record of any request for a stay. We therefore cannot find error here in failing to grant a stay."). Accordingly, the Court denies Plaintiffs' Motion to the extent it seeks reconsideration of the Court's previous Order to ensure this Court's compliance with Section 3 of the FAA.

**B.      REQUEST FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Plaintiffs alternatively request that the Court certify its Order Compelling Arbitration for interlocutory appellate review under 28 U.S.C. § 1292(b). An interlocutory order, which is generally not appealable, may be appealed where the district court is of the opinion that such order (1) involves a controlling question of law; (2) as to which

there is substantial ground for difference of opinion; and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Kenney v. Helix TCS, Inc.*, No. 17-CV-01755-CMA-KMT, 2018 WL 510276, at *1 (D. Colo. Jan. 23, 2018). Where the district court believes these three conditions are satisfied, the court may certify "in writing" an order for interlocutory appeal. *Id.* The Court finds that all three conditions are satisfied in this case.

With respect to the first condition, "[a] question of law is 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Kenney*, 2018 WL 510276, at *4. Whether the identical arbitration agreements between the parties required Defendant's signature to be enforceable is a controlling question of law. The Court required few facts, which were undisputed, to resolve the Motions to Compel Arbitration. Moreover, resolution of the question of the arbitration agreements' enforceability will determine whether Plaintiffs may proceed collectively and in federal court.

With respect to the second factor, there is a "substantial ground for difference of opinion" with respect to the enforceability of the arbitration agreements in this case. In compelling arbitration, this Court disagreed with the assigned Magistrate Judge's interpretation of the contractual phrase "by their signatures below." The Magistrate Judge found that the phrase required the signature of each party to form a contract, (Doc. # 38 at 8–9), and this Court found that the same phrase indicated one manner of manifesting assent but did not preclude other manners of acceptance. (Doc. # 47 at 9–

10.) Therefore, two judges in this district have reached opposing answers after *de novo* review of the same Motions to Compel Arbitration.

Further, federal courts in other jurisdictions have reached inconsistent conclusions regarding the enforceability of arbitration agreements similar to those at issue in this case. *Compare Sinclair v. Wireless Advocates*, LLC, No. 20-CV-60886-RAR (S.D. Fla. Nov. 12, 2020) (concluding that the contractual phrase "by providing a unique five-digit Personal Identification Number and clicking on the appropriate box within the Arbitration Agreement Module" precluded other manners of acceptance) *with Craddock v. LeClair Ryan, P.C.*, No. 3:16-CV-11, 2016 WL 1464562, at *5–*8 (E.D. Va. Apr. 12, 2016) (concluding that the contractual phrase "by signing this agreement [the shareholder] agrees . . . to submit any claims . . . to binding arbitration" specified an unquestionably valid method of acceptance but did not preclude acceptance in any other reasonable manner).

With respect to the third and final condition, the Court finds that an immediate appeal of the Order Compelling Arbitration "may materially advance the ultimate termination of the litigation." As it stands, this case will proceed in multiple individual arbitrations. If the Tenth Circuit concludes that the arbitration agreements are unenforceable, then this case will proceed in this Court as one collective action in which the FLSA claims of all plaintiffs will be adjudicated efficiently in one proceeding. This satisfies the third condition for certification under 28 U.S.C. § 1292(b).

Lastly, the Court notes that granting Plaintiffs the ultimate relief they request— i.e., appellate review of this Court's Order Compelling Arbitration—is consistent with

general principles of fairness. Pool initially requested dismissal of this case and subsequently changed its litigation position to avoid appellate review. Denying the instant Motion outright would reward Defendant for this questionable litigation tactic.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Limited Reconsideration of the Court's Order Regarding Arbitration (Doc. # 52) is GRANTED IN PART and DENIED IN PART as follows:

- the Motion is DENIED to the extent it seeks reconsideration of the Court's Order Compelling Arbitration;
- the Motion is GRANTED to the extent it seeks certification of the Court's Order Compelling Arbitration for interlocutory appeal; and
- pursuant to 28 U.S.C. § 1292(b), this Court's Order Compelling Arbitration (Doc. # 47) is hereby CERTIFIED for interlocutory appellate review.

DATED: January 13, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge